IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TORRENCE K. SURLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 2:08cv907-MHT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to a plea agreement, the defendant pleaded guilty on December 4, 2007, to Count 1 of the July 18, 2007 indictment which charged that on or about May 24, 2007, in Lowndes County, Alabama, Surles, did knowingly and intentionally possess with intent to distribute and did distribute less than five (5) grams of a mixture or substance containing a detectable amount of cocaine-base.  Surles also pleaded guilty to Count 2 of the indictment which charged that on or about May 30, 2007 in Lowndes County he knowingly and intentionally possessed with intent to distribute and did distribute approximately 7.9 grams of a mixture or substance containing a detectable amount of cocaine-base.  The government agreed to dismiss Count 3 of the indictment.  On February 22, 2008, Surles was sentenced to 60 months of imprisonment on each count to run concurrently.  Surles did not file a direct appeal.  He filed this § 2255 action on November 14, 2008.  *See United States v. Surles*, 07cr142-MHT (M.D. Ala. 2007).

The plea agreement provides in paragraph 5 as follows:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a

defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A 1.3 (from criminal history category) or § 5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

In his § 2255 motion, Surles attacks his sentence "for lack of subject matter jurisdiction, and to correct the false record . . . " Surles further states that "there is **NO** federal question" and that the court has rendered a "Void Judgment ab initio . . . " In the

memorandum of law filed in support of his motion, Surles makes similar but even more nonsensical assertions.

When the court accepted Surles' guilty plea and later imposed sentence on him pursuant to that plea and the plea agreement, the court determined that in the plea agreement Surles knowingly and voluntarily waived his right to collaterally attack his sentence. The Eleventh Circuit has consistently enforced such waivers according to their terms. *See United States v. Bascomb*, 451 F.3d 1293, 1294 (11th Cir. 2006) (collecting cases). The exceptions to Surles waivers permits Surles to appeal or collaterally attack his sentence only for ineffective assistance of counsel, prosecutorial misconduct, imposition of an upward departure or in the event the government appealed. Surles does not raise any of those issues. Moreover, Surles was sentenced to the mandatory statutory minimum sentence on each count.

Surles made a bargain with the government when he entered into the plea agreement under which the government dismissed the third count of the indictment. The court finds no reason to let him ignore that bargain. *See United States v. Howle*, 166 F.3d 1166 (11th Cir. 1999); *United States v. Buchanan*, 131 F.3d 1005 (11th Cir. 1997).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Surles motion for relief pursuant to 28 U.S.C. § 2255 be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 29, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of April, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE